Civil action to recover for alleged rents and profits from, and waste committed upon certain lands mortgaged by plaintiff and his wife to defendant Bridger Corporation, and by it foreclosed.
The record on appeal discloses these pertinent facts: On 19 April, 1938, referee, who was appointed by order of reference entered at January Term, 1936, filed report, setting out specific findings of fact and conclusions of law, to which plaintiff filed exceptions. *Page 820 
At April Term, 1939, Hamilton, Special Judge, presiding, finding the facts to be as found by the referee, and concluding (a) that plaintiff is not entitled to jury trial upon exceptions filed, (b) that there was no fraud in any of the transactions of which plaintiff complains, (c) that plaintiff is entitled to recover nothing of defendants, and (d) that defendant corporation is entitled to recover nothing of the plaintiff, signed judgment accordingly, from which plaintiff gave notice of appeal to Supreme Court, but did not perfect his appeal, and same was docketed and dismissed under Rule 17 of Rules of Practice in Supreme Court. (213 N.C. 808.)
Plaintiff filed motion to set aside said judgment entered at April Term, 1939, as "irregular, null and void" in that Hamilton, Special Judge, after that term of court had adjourned and while at Morehead City, North Carolina, out of the district, by letter to the clerk, undertook to withhold the entry of said judgment. This motion was heard at April Term, 1941, before Hamilton, Special Judge, again presiding, who "upon consideration of the record, the evidence taken before the referee . . . and the exceptions thereto filed by the plaintiff, and the motion of the plaintiff to set aside the judgment," held "that the judgment . . . was and is correct and proper," and thereupon denied and dismissed motion of plaintiff.
Plaintiff appeals therefrom to Supreme Court and assigns error.
Careful perusal of the record fails to show error in the judgment from which appeal is taken. The rules of practice in such case are too well settled to make repetition here necessary.
Affirmed.